```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**GILBERT KESLING,**

       **Plaintiff,**

v.                                    **Civil Action No. 2:09-588**

**COUNTRYWIDE HOME LOANS, INC.**
**and BANK OF AMERICA, NA,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the renewed motion for summary judgment of defendant Countrywide Home Loans, Inc. ("Countrywide"), filed April 29, 2011.  Plaintiff has not responded to the renewed motion.

The factual and procedural background of this action was set forth in the court's January 24, 2011 memorandum opinion and order, and is incorporated herein by reference.  (Doc. No. 51).[1]  In that order, the court granted Countrywide's original motion for summary judgment as to each of plaintiff's claims except for Count I of the complaint for illegal return of

---

[1] Other orders of the court have documented the pro se plaintiff's apparent abandonment of this action.  (Doc. Nos. 52, 55).  The court notes also that plaintiff failed to appear at the pretrial conference on April 15, 2011, the final settlement conference on May 16, 2011, and the trial on May 17, 2011.

payments. The court did not grant summary judgment on this count because, although Countrywide asserted that two payments were returned to plaintiff for insufficient funds, the only proof they offered to support this claim was a spreadsheet containing undecipherable codes and data. The court also denied summary judgment as to Count III of the complaint, labeled "Equity Abhors Forfeiture," inasmuch as the count was not an independent claim, but merely a request for equitable relief which depended upon the success of plaintiff's other claims.

In its renewed motion for summary judgment, Countrywide attaches the affidavit of JoAnne Abbatecola, who is identified as Countrywide's "servicing witness." Abbatecola states in her affidavit that she is familiar with Countrywide's servicing records and she clarifies that the spreadsheet attached to Countrywide's original summary judgment motion shows that two payments were returned to plaintiff due to insufficient funds. (Def.'s Mot., Ex. A). It has been Countrywide's position throughout this action that only these two payments were returned to Kesling, and the court has been offered no evidence to the contrary.

In view of Abbatecola's affidavit, the court concludes that there remains no issue of material fact as to plaintiff's

claim for illegal return of payments and that defendants are entitled to judgment as a matter of law. It is accordingly ORDERED that Countrywide's renewed motion for summary judgment be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to the plaintiff, by certified mail return receipt requested, at 535 Elk River Road, Gassaway, West Virginia 26624.

DATED: May 17, 2011

John T. Copenhaver, Jr.
United States District Judge